1173-21352 #2186387

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF CALLAN MARINE LTD.** | **CIVIL ACTION NO.** 26-1362<br>**SECTION:**<br>**JUDGE:**<br>**MAGISTRATE:**<br>**Admiralty – Rule 9(h)** |

**VERIFIED COMPLAINT FOR**
**EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes Callan Marine Ltd., as owner and operator of the dredge GENERAL ARNOLD (Official No. 1328188) (hereinafter referred to as "Petitioner" or "Callan"), in a cause of exoneration from or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and avers upon information and belief, as follows:

1.

Petitioner, Callan Marine Ltd. is a partnership organized under, and existing by virtue of, the laws of the State of Texas and principal place of business in Galveston, Texas, and at all times pertinent hereto, was the owner and operator of the dredge GENERAL ARNOLD, its equipment, tackle, apparel, fixtures, and furniture (hereinafter, collectively, referred to as the "GENERAL ARNOLD").

2.

The GENERAL ARNOLD is a two hundred seventy-eight (278) foot long dredge, built in 2023, and bearing Official Vessel No. 1328188.

3.

Venue is proper in the United States District Court for the Western District of Louisiana pursuant to Rule F(9) of the of the Supplemental Rules for Certain Admiralty and Maritime Claims. The GENERAL ARNOLD has not been attached or arrested. The GENERAL ARNOLD is presently afloat in the waters of the State of Louisiana and within the territorial limits of this Honorable Court and the alleged Incident, as defined further below, occurred within the territorial limits of this Honorable Court.

4.

This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1333 because it is a case of admiralty or maritime jurisdiction.

5.

Beginning on June 10, 2025, and continuing, the GENERAL ARNOLD conducted dredging operations upon navigable waters near Calcasieu Lake, at or near Cameron Parish, Louisiana. It has been specifically alleged that during its voyage, on or about August 4, 2025, while the GENERAL ARNOLD was conducting dredging operations at or near Monkey Island, Louisiana, upon navigable waters at or about Calcasieu Pass, at or near Cameron Parish, Louisiana, that a sediment discharge and levee breach occurred, allegedly resulting in damage to fisheries, shrimping areas, and oyster reefs at or near Calcasieu Lake and its surrounding marshlands and bayous. It has also been vaguely alleged at unspecified times beginning in July of 2025, that during or as a result of dredging operations conducted by the GENERAL ARNOLD, silt, mud, sediment,

slurry, contaminates, dredge spoil, and/or dredge discharge were caused to be released or migrated into Calcasieu Lake and its surrounding marshlands and bayous, allegedly causing damage to fisheries, shrimping areas, and oyster reefs. Upon information and belief, these vaguely alleged and unspecific discharges or releases occurred during the same voyage, with all the foregoing collectively referred to as the "Incident."

6.

Petitioner exercised due diligence, to the extent it was legally obligated to do so, to make the GENERAL ARNOLD seaworthy; operated within the applicable permits; and was, prior to and at the time of the Incident herein, tight, staunch, strong, fully and properly manned, equipped, and supplied, was being operated properly and soundly, in all respects seaworthy, and fit for the service in which it was engaged.

7.

The Incident and alleged injuries or damages resulting from the Incident were not caused or contributed to by any fault, negligence, or lack of care on the part of Petitioner, its owners or officers, or the GENERAL ARNOLD, but to the extent such exist, were caused instead by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of Petitioner.

8.

Petitioner denies that it or the GENERAL ARNOLD are liable to any extent for any damages, losses, and/or injuries related to or arising from the Incident; and in that regard, Petitioner seeks to claim exoneration from liability for all claims, damages, losses, and injuries which may have been done, occasioned, or incurred by any reasons of the matters aforesaid.

9.

In the alternative, and without admitting liability, Petitioner avers that, in the event it or the GENERAL ARNOLD should be held responsible to any person or parties by reasons of the matters aforesaid, Petitioner and the GENERAL ARNOLD are entitled to the benefits of the Limitation of Liability Act as provided for in § 30501 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

10.

All the alleged losses, damages, injuries, and destruction resulting from the Incident were done, occasioned, and incurred without fault on the part of the Petitioner and/or without Petitioner's privity or knowledge.

11.

This Verified Complaint is filed within six (6) months of first receipt of a claim (or amalgamation of claims) in writing that is subject to a shipowner's protections under 46 U.S.C. § 30501, *et seq.*, arising from the Incident, which revealed a possibility that the claim (or amalgamation of claims) may exceed the value of the GENERAL ARNOLD and her pending freight.

12.

The parties known to have potential claims at this time are:

1. Crab Daddies, LLC
   c/o Michael J. Williamson
   SWLA INJURY ATTORNEYS
   949 Ryan Street, Suite 130
   Lake Charles, Louisiana 70601

2. Ross Dahlen
c/o Michael J. Williamson
SWLA INJURY ATTORNEYS
949 Ryan Street, Suite 130
Lake Charles, Louisiana 70601

3. Edward Frank
c/o Michael J. Williamson
SWLA INJURY ATTORNEYS
949 Ryan Street, Suite 130
Lake Charles, Louisiana 70601

4. Francis Romain Theriot
c/o Michael J. Williamson
SWLA INJURY ATTORNEYS
949 Ryan Street, Suite 130
Lake Charles, Louisiana 70601

5. Adriano Theriot
c/o Michael J. Williamson
SWLA INJURY ATTORNEYS
949 Ryan Street, Suite 130
Lake Charles, Louisiana 70601

6. Revival Oyster House, LLC
c/o David H. Hanchey & John J. Roy
THE TOWNSLEY LAW FIRM
2102 Enterprise Boulevard
Lake Charles, Louisiana 70601

7. Pig & Rooster Oyster Farms, LLC
c/o Thomas A. Filo
COX, COX, FILO CAMEL, WILSON & BROWN, LLC
723 Broad Street
Lake Charles, Louisiana 70601

8. Venture Global CP2 LNG, LLC
c/o Amanda Howard Love, Tod J. Everage, Daniel Stanton
KEAN MILLER LLP
909 Poydras St., Suite 3600
New Orleans, Louisiana 70112

9. CP Marine Offloading, LLC
c/o Amanda Howard Love, Tod J. Everage, Daniel Stanton
KEAN MILLER LLP
909 Poydras St., Suite 3600
New Orleans, Louisiana 70112

10. Wilson Coastal Development
c/o John Wilson
123 Acres Drive
Youngsville, LA 70592

11. Roy Ellison
c/o Cooper Fournet
THE JOHNSON FIRM
1419 Ryan Street
Lake Charles, Louisiana 70601

12. Wayne Lasalle
c/o Cooper Fournet
THE JOHNSON FIRM
1419 Ryan Street
Lake Charles, Louisiana 70601

13. Eddie LeJuine
c/o Cooper Fournet
THE JOHNSON FIRM
1419 Ryan Street
Lake Charles, Louisiana 70601

14. Michelle LeJuine
c/o Cooper Fournet
THE JOHNSON FIRM
1419 Ryan Street
Lake Charles, Louisiana 70601

15. Master Chace Crab Traps
c/o Cooper Fournet
THE JOHNSON FIRM
1419 Ryan Street
Lake Charles, Louisiana 70601

16. Charles Pugh, Jr.
c/o Cooper Fournet
THE JOHNSON FIRM
1419 Ryan Street
Lake Charles, Louisiana 70601

17. Shanna Richard
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

18. Richard Sipes
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

19. Scott Spicer
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

20. Jarrick Thompson
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

21. John R. Thompson
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

22. Jonathan M. Thompson
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

23. Michael Bares
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

24. James A. Beard
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

25. Kevin James Beard
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

26. David Darnsteadt
    c/o Cooper Fournet
    THE JOHNSON FIRM
    1419 Ryan Street
    Lake Charles, Louisiana 70601

27. Matthew Lestage
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

28. Jeremy Waltrip
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

29. Spicer-Hughes Marina & Motel, LLC
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

30. Jeffery Spell
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

31. Gerald Spell
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

32. Andrew Soileau
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

33. Brittanie Smoot
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

34. Roger Kelly
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

35. Norman Rester
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

36. Terry Picou & Jennifer Picou
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

37. Gary Peloquin
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

38. Wanda Nall
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

39. Christie Murray
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

40. Shane Morein
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

41. Wilford & Loretta Meaux
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

42. Richard & Susan Meaux
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

43. Keith McCauley
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

44. Todd McCain
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

45. Bradley Laningham
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

46. Colin & Gretchin Landry
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

47. Robert Holbrook
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

48. David Holdbrook
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

49. Nathan Herbert
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

50. David Herbert
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

51. Bradley Hammett
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

52. Justin Gillory
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

53. Michael Frederick
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

54. James & Amy Erbelding
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

55. Steven Doxey
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

56. Jeremy Doxey
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

57. Chad Desadier
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

58. Andrew Daigle
    c/o Brooke A. Roach
    LARRY A. ROACH, INC.
    2917 Ryan Street
    Lake Charles, Louisiana 70601

59. Casey & Brad Boudreaux
c/o Brooke A. Roach
LARRY A. ROACH, INC.
2917 Ryan Street
Lake Charles, Louisiana 70601

60. Kelly Bickham
c/o Brooke A. Roach
LARRY A. ROACH, INC.
2917 Ryan Street
Lake Charles, Louisiana 70601

61. Mark Atwell
c/o Brooke A. Roach
LARRY A. ROACH, INC.
2917 Ryan Street
Lake Charles, Louisiana 70601

62. Thomas & Kia Akins
c/o Brooke A. Roach
LARRY A. ROACH, INC.
2917 Ryan Street
Lake Charles, Louisiana 70601

63. Timothy Abshire
c/o Brooke A. Roach
LARRY A. ROACH, INC.
2917 Ryan Street
Lake Charles, Louisiana 70601

64. Chad Abshire
c/o Brooke A. Roach
LARRY A. ROACH, INC.
2917 Ryan Street
Lake Charles, Louisiana 70601

13.

Petitioner avers that at the time of the Incident, the value of Petitioner's interest in the GENERAL ARNOLD and its freight pending, did not exceed the sum of SIXTY MILLION DOLLARS AND NO CENTS ($60,000,000.00). Petitioner provides the attached Declaration of Value by Matthew Sitka, in support of this contention. (Exhibit "A," Declaration of Value).

14.

With this Complaint, Petitioner seeks to preserve its right to limit its liability within the six month deadline from written notice as required by Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Petitioner is currently in the process of obtaining security and/or a bond and will deposit the proper security with this Honorable Court within ninety (90) days of the filing of this Complaint. It is not a jurisdictional prerequisite to claim the benefits of the Limitation Act that security be posted simultaneously with the complaint or within six months of notice of a claim. *Guey v. Gulf Insurance Co.*, 46 F.3d 478, 481 (5th Cir. 1995). Pursuant to Supplemental Rule F(1), it is within the full discretion of the District Court to direct Petitioner on when to post security and the amount required. *Id.* Once the security is posted, the limitation action may move forward in typical fashion with the issuance of an injunction and concursus of claims and notice to claimants with the deadline in which claimants may file against Petitioner. The U.S. District Courts for the Eastern District and Western District of Louisiana have repeatedly allowed limitation petitioners to post security following the filing of the Complaint. *See* Order, Cause No. 25-2537 (Milazzo, J.), attached hereto as Exhibit B granting a 90-day extension; *see* Order, Cause No. 21-822 (Zainey, J.), attached hereto as Exhibit C granting a 30-day extension; *see* Order, Cause No. 26-395 (Ashe, J.), attached hereto as Exhibit D; *see* Order, Cause No. 20-1092 (Summerhays, R.), attached hereto as Exhibit E, granting a 30-day extension.

15.

Petitioner avers that claims have been or may be asserted against it in amounts potentially exceeding the total sum Petitioner may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

16.

Petitioner reserves the right to amend and/or supplement the allegations set forth herein and to bring cross-claims, counterclaims, and third-party demands as available under the Federal Rules of Civil Procedure, including, but not limited to, the right to amend and/or supplement the allegations in this Complaint based on investigation and discovery concerning any specific alleged discharges, releases, or migrations.

17.

All of the foregoing are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner, Callan Marine Ltd. prays:

(1) That this Honorable Court enter an order approving a temporary dispensation from security. That Petitioner shall post the security required by 46 U.S.C. § 30511(b) and Supplemental Admiralty Rule F(1) within ninety (90) days from filing this action;

(2) That once Petitioner posts security, this Honorable Court issue a monition and notice to all persons, firms, corporations, or other entities asserting any claims for any and all alleged losses, damages, or injuries with respect to which Callan Marine Ltd. seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve copies of said claims upon the attorney for Callan Marine Ltd., on or before the time fixed by this Honorable Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Honorable

Court as this Honorable Court may later direct, and also to appear and answer the allegations of this Complaint according to the laws, rules, and practices of this Honorable Court at or before a certain time to be fixed by the monition;

(3) That once Petitioner posts security, this Honorable Court issue an injunction restraining the prosecution of any and all suits, actions, and proceedings already begun to recover for damages sustained, arising out of or resulting from the alleged Incident and any and all other occurrences during the voyage on which the GENERAL ARNOLD was engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature of description whatsoever, except in the present proceedings, against Petitioner or its agents or representatives or any other person or property or vessel of Petitioner whatsoever for whom Petitioner may be responsible or the GENERAL ARNOLD in respect of any claim or claims arising out of the aforesaid voyage of the GENERAL ARNOLD, for any alleged incidents, discharges, releases, or occurrences asserted by claimants to have arisen during the voyage;

(4) That this Honorable Court, assuming that a claim is filed against Petitioner as well as the GENERAL ARNOLD in this proceeding, adjudge:

a. That Petitioner is not liable to any extent for any loss of life, injury, destruction, property damage, or other loss or damage, or for any claim whatsoever in any way arising out of or consequent upon the Incident;

b. Alternatively, if Petitioner shall be adjudged liable, that such liability be limited to the amount or value of Petitioner’s interest in the GENERAL ARNOLD and her pending freight immediately after the voyage on which the aforesaid alleged Incident took place, that Petitioner be discharged therefrom upon the surrender of

such interest, and that the money paid or secured to be paid as aforesaid be divided pro rata among such Claimants as may duly prove their claims, if any, before this Honorable Court or a commissioner, if one be appointed, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability; and

c. That Petitioner has such other and further relief as the justice of the cause may require.

Respectfully submitted:

***/s/ Gavin H. Guillot***

Gavin H. Guillot (#31760)
Aaron B. Greenbaum (#31752)
Meredith W. Blanque (#32346)
Jonathan D. "J.D." Parker (#35275)
Liam E. McCarthy (#41859)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Meredith.Blanque@pjgglaw.com
Jonathan.Parker@pjgglaw.com
Liam.McCarthy@pjgglaw.com
**ATTORNEYS FOR PETITIONER-IN-LIMITATION, CALLAN MARINE LTD.**